# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Leda D. Wettre |
| | : | |
| v. | : | Magistrate No. 18-8067 (LDW) |
| | : | |
| CARLOS AXALCO-HUERTA | : | **CRIMINAL COMPLAINT** |

I, Ian Patel, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigrations and Customs Enforcement, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

Ian Patel
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Sworn to before me and subscribed in my presence,
May 29, 2018 Newark, New Jersey

HONORABLE LEDA D. WETTRE
UNITED STATES MAGISTRATE JUDGE            Signature of Judicial Officer

## ATTACHMENT A

On or about July 21, 2016 and on or before March 31, 2018, in Monmouth County, in the District of New Jersey, and elsewhere, the defendant,

### CARLOS AXALCO-HUERTA,

being an alien, and on or about March 31, 2018, having been deported and removed and departed from the United States while an order of removal was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States without the Attorney General expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Section 1326(a).

## ATTACHMENT B

I, Ian Patel, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1.  The defendant, CARLOS AXALCO-HUERTA (the "Defendant"), is a citizen of Mexico, and he neither is a citizen nor a national of the United States.

2.  On or about February 24, 2016, the Defendant was arrested by the Lakewood Police Department in New Jersey, for committing various offenses, including but not limited to, Simple Assault, in violation of Section 2C:12-1(a)(1) of the New Jersey Code of Criminal Justice.

3.  On or about March 13, 2016, the Defendant voluntarily departed the United States to Mexico.

4.  On or about June 26, 2016, the Defendant was arrested by the United States Border Patrol ("USBP") in Texas for illegally entering the United States. On or about the same day, the Defendant was ordered removed by USBP.

5.  On or about June 26, 2016, the Defendant was removed from the United States. Shortly before his removal from the United States on June 26, 2016, an official from the USBP took a fingerprint from the Defendant.

6.  At some point after his June 26, 2016 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

7.  On or about June 30, 2016, the Defendant was arrested by USBP in Texas for illegally re-entering the United States.

8.  On or about July 2, 2016, the Defendant was removed from the United States. Shortly before his removal from the United States on July 2, 2016, an official from USBP took a fingerprint from the Defendant.

9.  At some point after his July 2, 2016 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

10. On or about July 21, 2016, the Defendant was arrested by the United States Border Patrol in Texas for illegally re-entering the United States.

11. On or about July 21, 2016, the Defendant was removed from the United States. Shortly before his removal from the United States on July 21, 2016, an official from USBP took a fingerprint from the Defendant.

12. At some point after his July 21, 2016 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

13. On or about March 31, 2018, the Defendant was arrested by the Howell Police Department in New Jersey, for Contempt of Court, in violation of Section 2C:29-9 of the New Jersey Code of Criminal Justice.

14. On or about April 5, 2018, the Defendant entered into the custody of ICE in New Jersey.

15. A fingerprint taken from the Defendant from his deportation records for the June 26, 2016, July 2, 2016, and July 21, 2016 removals were compared to the Defendant's fingerprint that was taken on or about April 5, 2018 after he entered ICE's custody. All the fingerprints were found to be identical.

16. Prior to the Defendant's reentries into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to the Defendant re-entering the United States. The Defendant also did not receive a waiver allowing him to re-enter the United States.